IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| CARRIE ALLEN SPECK,<br>BARBARA ALLEN SITLER,<br>RONALD CHET ALLEN,<br>LISA JACKSON, individually<br>and as the wrongful death beneficiaries<br>of CAYCE ALLEN, deceased, ESTATE<br>OF CAYCE ALLEN | PLAINTIFFS |
| VS. | CAUSE NO.: 2:08CV95-P-A (LEAD CASE)<br>Jury Trial Requested |
| DESOTO COUNTY, MISSISSIPPI,<br>JAMES ALBERT RILEY, in his individual<br>capacity and his official capacity as Sheriff of<br>Desoto County, MS, JANE THOMPSON,<br>individually, DARBY ROACH, individually,<br>LISA DAVIS, individually, JERRY M. DAVIS,<br>individually | DEFENDANTS |

CONSOLIDATED WITH

| | |
|---|---|
| JOHN ANDREW MANNING | PLAINTIFF |
| VS. | CAUSE NO.: 2:10CV051-B-A |
| DESOTO COUNTY, MISSISSIPPI,<br>JAMES ALBERT RILEY, in his individual<br>capacity and his official capacity as Sheriff of<br>Desoto County, Mississippi, JANE THOMPSON,<br>individually, SERGEANT JAMES DARBY<br>ROACH, individually, LISA DAVIS, individually,<br>JERRY M. DAVIS, individually | DEFENDANTS |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs, Carrie Allen Speck, Barbara Allen Sitler, Ronald Chet Allen, Lisa Jackson, and the Estate of Cayce Allen, by and through their attorneys, hereby set forth their First Amended Complaint against Defendants for the wrongful death of Cayce Allen.

## PARTIES

1. Plaintiff Carrie Allen Speck is an adult resident citizen of Hernando, Desoto County, Mississippi. Plaintiff Barbara Allen Sitler is an adult resident citizen of Hernando, DeSoto County, Mississippi. Plaintiff Ronald Chet Allen is an adult non-resident citizen of the State of Mississippi currently residing in Somerville, Fayette County, Tennessee. Plaintiff Lisa Jackson is an adult resident citizen of DeSoto County, Mississippi.

2. Defendant Desoto County, Mississippi, is a political subdivision of the State of Mississippi which may be served with process through Bill Russell, the President of the Board of Supervisors, 2535 Highway 51 South, Hernando, Desoto County, Mississippi. Defendant Desoto County operates and maintains a law enforcement agency known as the Desoto County Sheriff's Department which is responsible for the operation of the Desoto County Jail. At all times pertinent hereto, Desoto County acted under the color of state law or custom.

3. At the time of Cayce Allen's death in August of 2007, Defendant James Albert Riley was the duly elected Sheriff of Desoto County, Mississippi, a county official, the official law enforcement policymaker for Desoto County, Mississippi, and, pursuant to Mississippi statutory law and custom, the Jailer of and for Desoto County, Mississippi. Defendant Riley was also responsible for hiring, supervision, training, discipline and control of persons working for the Desoto County Jail, including persons directly responsible for the provision of mental health and psychiatric treatment and services to inmates in the custody of the Desoto County Jail.

Defendant Riley is an adult resident citizen of Desoto County, Mississippi and may be served with process where found.

4. Defendant Jane Thompson, upon information and belief, was at all times material hereto a duly appointed Jailor and/or Booking Officer for the Sheriff's Department of Defendant Desoto County and as such was employed, supervised and controlled by Desoto County.

5. Defendant Sergeant James Darby Roach, upon information and belief, was at all times material hereto, a duly appointed Jailor for the Sheriff's Department of Defendant Desoto County and as such was employed, supervised and controlled by Desoto County.

6. Defendant Lisa Davis, upon information and belief, was at all times material hereto, a duly appointed Jailor for the Sheriff's Department of Defendant Desoto County and as such was employed, supervised and controlled by Desoto County.

7. Defendant Jerry M. Davis, upon information and belief, was at all times material hereto, a duly appointed Jailor for the Sheriff's Department of Defendant Desoto County and as such was employed, supervised and controlled by Desoto County.

8. JOHN DOES 1-10, whether singular or plural, being the persons, entities and/or corporations individually and jointly responsible and liable for the actions and inactions leading up to and including the death, of Cayce Allen, all of whose true names and legal identities are otherwise unknown to Plaintiffs at this time, but will be added by amendment when ascertained.

## JURISDICTION AND VENUE

9. Venue lies with this Court pursuant to 28 U.S.C. § 1391, as all the Defendants are residents of this judicial district and all the acts or omissions given rise to this suit occurred within this district.

10. Jurisdiction lies with this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a) because this action is brought pursuant to 42 U.S.C. § 1983 for deprivation of the rights, privileges and immunities secured for the deceased, Cayce Allen, by the Constitution and laws of the United States of America.

## FACTS

11. At all pertinent times, each Defendant was acting under the color of state law or custom.

12. On or about August 7, 2007, at approximately 11:47 p.m., Cayce Allen (hereinafter "Ms. Allen") was detained by City of Hernando police officers S. Pieh and D. Spooner following a routine traffic stop at or near the intersection of Commerce St. and Mt. Pleasant in Hernando, Desoto County, Mississippi.

13. Ms. Allen was placed under arrest for running a stop sign and for driving under the influence. She was then transported to the Desoto County Jail in Hernando, Mississippi, for booking.

14. At the time of Ms. Allen's arrest and transport, Officer Pieh and Officer Spooner, while conducting a routine interview with Ms. Allen, recognized that she was emotionally disturbed. Officer Pieh and Officer Spooner heard Ms. Allen state that no matter what she did, she always seemed to fail in her life. Ms. Allen also told Officer Pieh and Officer Spooner that she was ready to give up on life.

15. Upon arriving at the Desoto County Jail, Officer Pieh and Officer Spooner informed jail personnel that Ms. Allen was exhibiting conduct that, in their opinion, might result in her causing severe harm or injury to herself. They also informed Desoto County Jail

personnel that Ms. Allen was, in their opinion, a suicide risk. Defendants thereby gained actual knowledge of Ms. Allen's desire to harm herself and the risk that she would attempt suicide.

16. Once Ms. Allen arrived at the Desoto County Jail, she was "booked in" and placed in a normal holding cell. She was not placed in a "lunacy cell" or medical cell. The blinds on the cell windows were closed by Defendants, thereby making it impossible for the observers stationed in the jail to monitor Ms. Allen.

17. Despite Defendants' knowledge that Ms. Allen was a suicide risk and Defendants' knowledge of previous suicides and suicide attempts at the Desoto County Jail, Defendants did not place Ms. Allen on suicide watch, monitor Ms. Allen, or employ any other precautionary measures to protect Ms. Allen from self-destructive behavior.

18. The Desoto County Jail purportedly had a suicide watch policy and procedure but it was ignored and/or inadequate to protect.

19. In addition, Defendants Desoto County and Sheriff Riley failed to train jail personnel in proper suicide watch procedures.

20. During the period of time that Ms. Allen was in the custody of the Desoto County Jail, Defendants Desoto County, Sheriff James A. Riley, Jane Thompson, Sergeant James Darby Roach, Lisa Davis, Jerry M. Davis and John Does 1-10

        A. Failed to provide Ms. Allen with medical and/or mental health evaluation and treatment;

        B. Failed to properly monitor Ms. Allen;

        C. Failed to place Ms. Allen in a lunacy or medical cell;

        D. Failed to place Ms. Allen on "suicide watch" despite having knowledge of

her stated desire to cause harm to herself,

    E.    Failed to utilize proper monitoring procedures which would have made it possible for the observers stationed in the jail to remotely monitor the safety of Ms. Allen while she was in the holding cell; and,

    F.    Despite knowing of her threats to injure herself, failed to remove objects from Ms. Allen's person and/or the holding cell that could enable her to inflict serious harm upon herself, e.g., the cell's sprinkler head and her belt and shoe strings.

21. Defendants acted with deliberate indifference to Ms. Allen's dignity as a human being and to her constitutional and statutory rights.

22. As a direct and proximate result of the acts and omissions of Defendants, Ms. Allen's mental infirmity went untreated and/or improperly treated; Ms. Allen was inadequately supervised and cared for; Ms. Allen suffered extreme distress, agitation, anguish and hopelessness; and, on or about August 8, 2007, she hung herself to death using her own shoe strings and belt secured to a sprinkler head inside of the holding cell where she had been left unsupervised.

23. Defendants wrongfully deprived Ms. Allen of her clearly established rights, privileges and immunities guaranteed to her by the United States Constitution, especially Ms. Allen's right as a pretrial detainee to both the procedural and substantive due process guarantees of the Fourteenth Amendment. Accordingly, Plaintiffs have a cause of action against Defendants pursuant to 42 U.S.C. § 1983.

24. As a direct and proximate result of the aforementioned actions and omissions of the

Defendants, Ms. Allen sustained physical injuries which resulted in her death and Ms. Allen experienced physical, mental and emotional pain and suffering prior to her death and suffered the loss of her enjoyment of life.

25. Carrie Allen Speck, Chet Allen, Lisa Jackson, and Barbara Sitler have suffered the untimely end of their relationship with their sister/daughter, with the corresponding loss of her society, companionship, comfort, guidance, counsel and advice, and the deceased's estate was forced to incur funeral and burial expenses. In addition, the Plaintiffs have also incurred attorney's fees and expenses for which they should be compensated.

26. Pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, Plaintiffs seek a judgment against Defendants to recover damages for the injuries set forth above.

27. The acts and omissions described herein constitute an unconstitutional policy, practice and/or custom of Defendant Desoto County, created or retained by Sheriff Riley and/or other policy makers within the Defendant organization, as it relates to protecting the health and safety of pretrial detainees and/or other inmates at the Desoto County Jail.

28. Also, Defendants Desoto County and Defendant Riley were deliberately indifferent in failing to establish and maintain policies, practices and procedures for hiring, training, supervising and retaining qualified jail personnel.

29. Plaintiffs are entitled to all relief allowed under 42 U.S.C.§ 1983, the Mississippi Wrongful Death statute and Mississippi common law including, but not limited to, monetary damages, hedonic damages, damages for loss of enjoyment of life, punitive damages and an award of attorney's fees and costs.

**COUNT ONE – WRONGFUL DEATH**

30.     Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

31.     Plaintiffs claim damages for the wrongful death of Ms. Allen and for their loss of her income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advices, for Ms. Allen's loss of enjoyment of her life and for the conscious pain and suffering she endured, and for funeral and burial expenses under 42 U.S.C. § 1983 and the Mississippi Wrongful Death Statute.

## COUNT TWO – ESTATE CLAIMS

32.     Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

33.     Ms. Allen was forced to endure great conscious pain and suffering before her death as a result of the actions and inaction of the Defendants.

34.     Plaintiff Carrie Allen Speck, as the Administratrix of the estate of Cayce Allen, claims damages for the conscious pain and suffering of the Decedent and other elements of damages to which the estate may be entitled under 42 U.S.C. § 1983 and under Mississippi law.

WHEREFORE, Plaintiffs pray for a judgment against the Defendants, jointly and severally, for compensatory and punitive damages in the amount to be determined by a struck jury, including reasonable attorney's fees and expenses of this action, and for all such further relief, both general and specific, to which they may be entitled.

Respectfully submitted,


/s/ James D. Harper
James D. Harper (MS Bar No. 99386)
829 N. Lamar Bld., Ste. 8
Oxford, MS 38655
(662) 985-6064
jdharperlaw@gmail.com

Philip A. Stroud (MS Bar No. 99401)
THE STROUD LAW FIRM, P.C.
5779 Getwell Road, Suite C-1
Southaven, MS 38672
(662) 536-5656
philip@stroudlawyers.com

James B. Lees, Jr. (admitted *pro hac vice*)
HUNT & LEES
2306 Kanawha Bld. East
Charleston, WV 25311
(304) 344-9651
leesgov@citynet.net

ATTORNEYS FOR PLAINTIFFS

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

Plaintiffs, in accordance with Federal Rule of Civil Procedure 38, assert their rights under the Seventh Amendment to the U.S. Constitution and demands a trial by jury on all issues.


/s/ James D. Harper
James D. Harper
Attorney for Plaintiffs




**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2010, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

R. Jeff Allen
rjallen@huntross.com
Attorneys for Defendants

   /s/ James D. Harper
James D. Harper